UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHA WILLIAMSON, an individual,<br><br>                                Plaintiff,<br><br>v.<br><br>NATIONAL CITY, a municipal corporation; LUCKY NGUYEN, an individual; and JOHN McGOUCH, and individual,<br><br>                                Defendants. | Case No.: 18-cv-02394-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Re-Tax Defendants' Bill of Costs filed by Plaintiff Tasha Williamson. (ECF No. 96).

**I.    PROCEDURAL BACKGROUND**

    On October 18, 2018, Plaintiff Tasha Williamson initiated this action by filing a Complaint. (ECF No. 1). On May 8, 2019, Plaintiff filed the operative First Amended Complaint ("FAC") against Defendants National City, Lucky Nguyen, and John McGouch. (ECF No. 24). The FAC alleged that Defendants used excessive force against Plaintiff during Plaintiff's participation in a demonstration in National City Council chambers on July 24, 2018, by "dragging [Plaintiff] backward, pulling the full weight of her body by

1

her hyperextended arms" and by "tightening [Plaintiff's] handcuffs in an extremely tight and painful fashion." (*Id.* ¶ 16). Plaintiff brought the following three causes of action: (1) excessive force in violation of 42 U.S.C. §1983; (2) violence because of race in violation of Cal. Civ. Code Section 51.7 (the Ralph Act); and (3) excessive force in violation of Cal. Civ. Code Section 52.1 (the Bane Act).

On April 24, 2020, Defendants filed a Motion for Summary Judgment. (ECF No. 50). On September 3, 2020, the Court issued an Order granting in part and denying in part the motion. (ECF No. 68). The Court granted summary judgment on Plaintiff's § 1983 and Bane Act claims regarding tight handcuffs on the basis of qualified immunity, and as to the Ralph Act claim. The Court denied summary judgment on Plaintiff's § 1983 and Bane Act claims regarding the pulling of Plaintiff's arms and hands.

On September 17, 2019, Defendants appealed the partial denial of summary judgment to the Court of Appeals. (ECF No. 69). On January 24, 2022, the Court of Appeals issued an Opinion reversing the partial denial of summary judgment on Plaintiff's claims of excessive force regarding the pulling of her arms and hands. (ECF No. 81). The Court of Appeals determined that Defendants' use of force in lifting and dragging Plaintiff was "minimal" and that Defendants were entitled to qualified immunity. (ECF No. 81 at 11). On April 18, 2022, the Court entered Judgment in favor of Defendants on all of Plaintiff's claims. (ECF No. 89).

On April 19, 2022, Defendants submitted a Bill of Costs in the amount of $12,601.49. (ECF No. 90). On April 27, 2022, Plaintiff filed an Objection to the Bill of Costs. (ECF No. 93). On May 23, 2022, The Clerk of the Court entered an Order Taxing Costs to Plaintiff in the amount of $7,784.06. (ECF No. 95).

On May 27, 2022, Plaintiff filed the Motion to Re-Tax Defendants' Bill of Costs. (ECF No. 96). On June 13, 2022, Defendants filed a Response in opposition to the motion. (ECF No. 98).

///

///

## II. DISCUSSION

Rule 54 of the Federal Rules of Civil Procedure provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-Am. Educators ("AMAE") v. California*, 231 F.3d 572, 591 (9th Cir. 2000). "A district court must 'specify reasons' for its refusal to award costs." *Id.* (quoting *Subscription Television, Inc. v. So. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). Appropriate reasons for denying costs include: (1) "the plaintiff's limited financial resources," *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014); (2) "the economic disparity between the parties," *id.*; (3) "the chilling effect on future similar actions," *id.*; (4) "the closeness and difficulty of the issues in the case," *id.*; and (5) that "the losing party litigated in good faith," *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

### 1. Plaintiff's Limited Financial Resources

Plaintiff contends that costs should not be awarded because of her limited financial resources. Defendants contend that "the [Court of Appeals] has upheld cost awards of relatively small sums (similar to the amount awarded here)" and that the costs sought are "modest under case authority and are only a fraction of the full expenses the City incurred in the litigation." (ECF No. 98 at 3). Defendants contend that "declining to award the costs … may encourage future frivolous litigation and needlessly vexatious tactics because plaintiffs of modest means would have little incentive to avoid such behavior." (*Id.* at 3).

In her declaration, Plaintiff states that she is employed by the San Diego Youth Foundation, where she is paid "$400 twice a month," and by Pillars of the Community, where she is paid "on average $2,000 a year." (ECF No. 96-2 at 3). Plaintiff states that she also receives social security income in the amount of $800 per month "for [her] 12-year-old son who is autistic to pay for his needs," as well as $97 per month in child support. (*Id.*). Plaintiff states that she pays $1,050 per month in rent, receives rental housing

assistance, and that "the SDG&E bill and food takes up the balance of our money." (*Id.*). Plaintiff states that her "expenses always exceed [her] income every month" and that she has "struggled for years to keep [her] son and [herself] housed." (*Id.*).

The record reflects that the requested costs amount to roughly one third of Plaintiff's yearly income of approximately $22,363.92. Plaintiff's limited financial resources weigh against awarding costs. *See Escriba*, 743 F.3d at 1248 ("Costs are properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed.") (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999)).

### 2. Economic Disparity

Plaintiff contends that she "is a community activist that is paid very little for the work she performs," and that "her lawsuit was against a municipality with its own city attorney, staff, and the means to hire outstanding lawyers in private practice that specialize in this area of law." (ECF No. 96-1 at 11). Defendants contend that "a financial disparity almost always exists between an individual plaintiff litigating against a municipality" but that a "disparity alone is insufficient to overcome the presumption in favor of awarding costs." (ECF No. 98 at 4).

Plaintiff has an annual income of approximately $22,363.92. (*See* ECF No. 96-2). Defendants are National City and its employees. The record reflects a substantial economic disparity between the parties. This factor weighs against awarding costs.

### 3. Chilling Effect

Plaintiff contends that awarding costs to Defendants would have an undesirable chilling effect on civil rights litigation because Plaintiff "is a well-known and praised community activist" whose "case was followed by many in the civil rights community." (ECF No. 96-2 at 11). Defendants contend that the amount of costs is modest and that an award of costs is necessary to discourage frivolous litigation.

Based on Plaintiff's limited financial resources, awarding costs could chill future civil rights litigation. This factor weighs against awarding costs. *See Stanley*, 178 F.3d at 1080 ("The imposition of … high costs on losing civil rights plaintiffs of modest means

may chill civil rights litigation ...."); *Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016) (stating that a "large cost award" of $3,018.35 in an excessive force case could "chill similar lawsuits").

**4. Closeness and Difficulty of the Issues**

Plaintiff contends that she originally "prevailed on summary judgment" and that "[t]he closeness of the issues litigated is demonstrated by the fact that this District Court saw the case in plaintiff's favor." (ECF No. 96-1 at 12). Defendants contend that "[t]he mere fact that triable issues were found to exist does not bear on whether those issues were close or difficult." (ECF No. 98 at 5).

On appeal, the Court of Appeals determined that "even viewing the evidence in Williamson's favor, the type and amount of force used by the Officers in this case was minimal." (ECF No. 81 at 11). The fact that none of Plaintiff's claims survived summary judgment is evidence that the ultimate issues in the case were not particularly close or difficult. *Cf. Draper*, 836 F.3d at 1088 (stating that the case was close because the evidence "was sufficient to survive summary judgment"). This factor weighs in favor of awarding costs.

**5. Good Faith**

Plaintiff contends that video footage of the incident that formed the basis for Plaintiff's claims "coupled with [t]he District Court's ruling on summary judgment" shows "that the case was brought in good faith." (ECF No. 96-1 at 12). Defendants contend that Plaintiff "continued to litigate her case" despite video footage that "showed that [Defendants] did not use excessive force." (ECF No. 98 at 5).

There is no evidence in the record to suggest that Plaintiff acted in bad faith in litigating this action. The Court's initial determination that triable issues existed further supports a finding that Plaintiff's action was not frivolous. This factor weighs against awarding costs.

///

///

### 6. Weighing of the Factors

The following factors weigh against awarding costs: (1) Plaintiff's limited financial resources; (2) the economic disparity between the parties; (3) the chilling effect on future similar actions; and (4) Plaintiff litigated in good faith. Weighing the factors and all relevant circumstances, the court concludes that Plaintiff has successfully rebutted the presumption in favor of awarding costs to the prevailing party. *See Stanley*, 178 F.3d at 1080 (holding that a district court's decision to award costs after granting summary judgment was an abuse of discretion and emphasizing the plaintiff's indigence and the existence of a chilling effect).

### III. CONCLUSION

IT IS HEREBY ORDERED Plaintiff Tasha Williamson's Motion to Re-Tax Defendants' Bill of Costs (ECF No. 96) is granted. The Order Taxing Costs to Plaintiff in the amount of $7,784.06 (ECF No. 95) is vacated.

Dated: August 4, 2022

Hon. William Q. Hayes
United States District Court